[No. 10,497.]
## Ex Parte TOLAND.

Jurisdiction — Superior Court — Constitutional Law.— An appeal was pending in the County Court of San Francisco on the 1st day of January, 1880, from a judgment of conviction in the City Criminal Court; and the judgment was afterward affirmed by the Superior Court, and the defendant arrested upon a bench-warrant from that Court. Upon an application for release upon a writ of *habeas corpus: Held,* that, under § 3 of art. 22 of the Constitution. the Court had the power to issue the writ.

Application for release on writ of *habeas corpus*.

The facts are stated in the opinion.

*M. S. Horan*, for Petitioner.

*J. L. Smoot*, District Attorney, *contra*.

By Morrison, C. J.:

The petitioner, James Toland, was tried in the City Criminal Court within and for the City and County of San Francisco, on the charge of " battery," and was duly convicted on the 24th of July, 1879. On such conviction, and as a punishment for said offense, the City Criminal Court imposed a fine of $150, and in

case said fine was not paid, ordered said Toland to be imprisoned in the county jail for the period of seventy-five days. From this judgment an appeal was taken to the late County Court of said city and county, and there the case was pending, undetermined and undecided, on the 1st day of January, 1880.

On the 3rd day of February, 1880, by an order of the Presiding Judge of the Superior Court of said city and county, the appeal was assigned to Department No. 11 of said Superior Court, presided over by the Honorable T. W. Freelon, and on the 9th day of that month the judgment of the City Criminal Court was affirmed by the Superior Court.

On the 26th day of February, a bench-warrant was duly issued out of said Superior Court, and thereupon petitioner was arrested, and is now in the custody of the Sheriff of said city and county.

Application is now made for the discharge of said Toland on *habeas corpus*, on the ground that the process under which he is held in custody by the Sheriff was issued without authority of law, and is therefore void.

In support of this view, counsel for petitioner relies upon § 1470 of the Penal Code, which provides that, "if the appeal is dismissed or the judgment affirmed, a copy of the order of dismissal or judgment of affirmance must be remitted to the Court below, which may proceed to enforce its sentence." In the present case this cannot be done, as the " Court below " has gone out of existence under the provisions of the new Constitution, and therefore, it is argued, the prisoner should be discharged.

It would be a misfortune if such were the case. The guilt of the defendant was determined by the verdict of a jury in the City Criminal Court, and the judgment rendered upon such verdict has been sustained by the Appellate Court; yet it is claimed that the machinery of the courts is left insufficient, under the operation of the new Constitution, to enforce the judgment. The Court will endeavor to find an escape from such a conclusion, and in this case there is no real difficulty in doing so.

Section 1 of art. 22 of the Constitution declares " that all

laws in force at the adoption of this Constitution, not inconsistent therewith, shall remain in full force and effect until altered or repealed by the Legislature; and all rights, actions, prosecutions, claims, and contracts of the State, counties, individuals, or bodies corporate, not inconsistent therewith, shall continue to be as valid as if this Constitution had not been adopted." And § 3 of the same article provides that "all courts now existing, save Justice's and Police Courts, are hereby abolished; and all records, books, papers, and proceedings from such courts as are abolished by this Constitution, shall be transferred on the first day of January, eighteen hundred and eighty, to the courts provided for in this Constitution; and the courts to which the same are thus transferred shall have the same power and jurisdiction over them as if they had been in the first instance commenced, filed, or lodged therein."

On the 1st day of January, 1880, the County Court of the City and County of San Francisco went out of existence, the Superior Court succeeding to its powers and jurisdictions. The case now under consideration was then properly before the Superior Court, and that Court had the same power and jurisdiction over it as it would have had if the case had been in the first instance "commenced, filed, or lodged therein."

I am of opinion that the Superior Court had full power and authority to issue any and all process necessary to the execution of its judgment, and therefore the petitioner is in lawful custody.

Writ discharged and petitioner remanded.